UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

INVICTA WATCH COMPANY OF AMERICA, INC.

                Plaintiff,                Civil Action No.

-against-

GILT GROUPE, INC.,
GIFTPORTS, INC. and
GRAND TIME CORPORATION                COMPLAINT

                Defendants.

------------------------------------------------------------X

The Plaintiff, INVICTA WATCH COMPANY OF AMERICA, INC. by its attorneys, Natter & Natter, for its complaint against the Defendants, GILT GROUPE, INC., GIFTPORTS, INC. and GRAND TIME CORPORATION alleges as follows:

1. The Plaintiff, INVICTA WATCH COMPANY OF AMERICA, INC. is a corporation having an office and place of business at 3069 Taft Street, Hollywood FL 33021.

2. The Defendant, GILT GROUPE, INC., upon information and belief, is a foreign corporation licensed to transact business in New York having a principal place of business at 2 Park Avenue, 4th Floor, New York NY 10016, within this judicial district.

3. The Defendant, GIFTPORTS, INC. upon information and belief, is a New York corporation having a principal place of business at 140 58th Street, Brooklyn NY 11220.

4. The defendant, GRAND TIME CORPORATION, upon information and belief, is a corporation having an office and place of business at 2970 Taylor Street, Dallas TX 75226 and transacts business within this judicial district.

5. This action is for infringement under the patent laws of the United States, Title 35, United States Code.

6. Upon information and belief, the Defendant, GRAND TIME CORPORATION, is subject to personal jurisdiction for the reasons that it has transacted business within the State of New York and committed acts of infringement within the State of New York and committed tortious acts without the State of New York causing injury within the State of New York and regularly solicit business and engages in other persistent courses of conduct and derives substantial revenue from goods used or consumed or services rendered in the State of New York or expects or should reasonably expect its tortious acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce and is otherwise subject to the personal jurisdiction of the courts within the State of New York as provided under CPLR §302.

7. Subject matter jurisdiction of this Court is based upon Title 28, United States Code §1331 and §1338(a).

8.     On January 27, 2004, United States Letters Patent No. Des. 485,767 was duly and legally issued to the Plaintiff, INVICTA WATCH COMPANY OF AMERICA, INC. as assignee of Eyal Lalo, for an invention pertaining to the ornamental design of an article of manufacture comprising a watch case.  A copy of said Letters Patent No. Des. 485,767 is attached hereto as Exhibit A.

9.     The Plaintiff, INVICTA WATCH COMPANY OF AMERICA, INC., remains the owner of the entire right, title and interest in and to said Letters Patent No. Des. 485,767.

10.    The Plaintiff, INVICTA WATCH COMPANY OF AMERICA, INC., has given notice to the public by affixing the patent number to articles bearing the patented design.

11.    In violation of Title 35 United States Code §271, the Defendants, within this judicial district and throughout the United States have infringed, induced others to infringe and contributorily infringed said Letters Patent No. Des. 485,767 by making, using, selling, offering to sell, importing into the United States or causing others to make, use, sell, offer to sell or import into the United States articles of manufacture which embody the patented design or a colorable imitation thereof without license of the Plaintiff and are still infringing said Letters Patent No. Des.485,767.

12.    An exemplary advertisement of the Defendant, GILT GROUPE, INC., illustrating one of said infringing articles of manufacture is attached hereto as Exhibit B.

13.    An exemplary advertisement of the Defendant, GIFTPORTS, INC., illustrating one of said infringing articles of manufacture is attached hereto as Exhibit C.

14. Upon information and belief, the said infringing articles of manufacture advertised, offered for sale and sold by the Defendants, GILT GROUPE, INC., and GIFTPORTS, INC., originated with the Defendant GRAND TIME CORPORATION.

15. In violation of Title 35 United States Code §271, the Defendants, GILT GROUPE, INC., GIFTPORTS, INC. and GRAND TIME CORPORATION, within this judicial district and throughout the United States, without license of the Plaintiff, applied the patented design of U.S. Patent No. Des. 485,767 or a colorable imitation thereof, to articles of manufacture for the purpose of sale.

16. In violation of Title 35 United States Code §271, the Defendants, GILT GROUPE, INC., GIFTPORTS, INC. and GRAND TIME CORPORATION, within this judicial district and throughout the United States, without license of the Plaintiff, sold, offered for sale or exposed for sale articles of manufacture to which the patented design or a colorable imitation thereof has been applied.

17. In violation of Title 35 United States Code §271, the Defendants, GILT GROUPE, INC., GIFTPORTS, INC. and GRAND TIME CORPORATION, within this judicial district and throughout the United States, without license of the Plaintiff, caused others to sell, offer for sale or expose for sale article of manufacture to which the patented design or a colorable imitation thereof has been applied.

18. The Defendants' infringement, contributory infringement and active inducement of infringement of Letters Patent No. Des.485,767, upon information and belief, are willful, intentional and deliberate.

19. Upon information and belief, this is an exceptional case within the provisions of 35 United States Code §285 and the Plaintiff, INVICTA WATCH COMPANY OF AMERICA, INC. is therefore entitled to the recovery of attorneys' fees.

20. The Defendants' infringement, contributory infringement and active inducement of infringement of Letters Patent No. Des. 485,767 has caused the Plaintiff, INVICTA WATCH COMPANY OF AMERICA, INC. to suffer monetary damages, the full extent of which are as yet undetermined.

21. The Plaintiff has no adequate remedy at law and is presently suffering and will continue to suffer irreparable harm and damage if such infringement is allowed to continue.

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

1. That, pursuant to 35 U.S.C. §283, preliminary and permanent injunctions be issued enjoining the Defendants, GILT GROUPE, INC., GIFTPORTS, INC. and GRAND TIME CORPORATION, their officers agents, servants, employees and all those persons in active concert or participation with said Defendants from further infringement of U.S. Patent No. Des. 485,767.

2.	That pursuant to 35 U.S.C. §284, the Defendants, GILT GROUPE, INC., GIFTPORTS, INC. and GRAND TIME CORPORATION, jointly and severally account to the Plaintiff for damages for all past infringement of said U.S. Patent No. Des 485,767 including treble damages as appropriate;

3.	That pursuant to 35 U.S.C. §289, the Defendants, GILT GROUPE, INC., GIFTPORTS, INC. and GRAND TIME CORPORATION, jointly and severally account to Plaintiff to the extent of their total profits for all past infringement of said U.S. Patent No. Des. 485,767 including treble damages as appropriate;

4.	That pursuant to 35 U.S.C. §285, the Defendants, GILT GROUPE, INC., GIFTPORTS, INC. and GRAND TIME CORPORATION jointly and severally pay the Plaintiff's costs and attorneys' fees; and

5.	For such other and further relief as this Court deems just and proper.

JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:  New York, New York          NATTER & NATTER
        September 25, 2015          Attorneys for Plaintiff
                                    501 Fifth Avenue
                                    New York NY 10017
                                    (212) 840-8300


                                    By: s/Seth Natter
                                    Seth Natter (SN 4913)

# EXHIBIT A

US00D485767S

(12) **United States Design Patent**  (10) Patent No.: **US D485,767 S**
Lalo  (45) Date of Patent: ** Jan. 27, 2004

(54) **WATCH CASE**

(75) Inventor: **Eyal Lalo,** Hallandale, FL (US)

(73) Assignee: **Invicta Watch Company of America, Inc.,** Hollywood, FL (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/182,494**

(22) Filed: **May 28, 2003**

(51) LOC (7) Cl. .................................................. **10-02**
(52) U.S. Cl. ........................................ **D10/30**; D10/39
(58) Field of Search ..................... D10/1–40, 122–132; 368/280–282, 276–277, 285, 294–295

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 1,796,360 A | * | 3/1931 | Conant | 368/281 |
| 4,391,533 A | * | 7/1983 | Waki | 368/281 |
| 5,181,192 A | * | 1/1993 | Paratte | 368/282 |
| D361,281 S | * | 8/1995 | Roth | D10/32 |
| D402,211 S | * | 12/1998 | Miyake et al. | D10/39 |
| D403,971 S | * | 1/1999 | Walch | D10/32 |
| D421,921 S | * | 3/2000 | Giardiello | D10/39 |
| D437,791 S | * | 2/2001 | Roden | D10/32 |
| D445,342 S | * | 7/2001 | Clerc | D10/30 |
| D462,015 S | * | 8/2002 | Blondin | D10/30 |
| D465,420 S | * | 11/2002 | Mantovani | D10/30 |
| D465,421 S | * | 11/2002 | Mantovani | D10/30 |
| D470,421 S | * | 2/2003 | Ramazzina | D10/30 |
| D470,777 S | * | 2/2003 | Ramazzina | D10/30 |

OTHER PUBLICATIONS

Swiss Watch & Jewelry Journal—Feb. 1982—p.307–Watches at left.*
Goldschmiede Zeitung (European Jeweler)—Apr. 1984—p.82.*

* cited by examiner

*Primary Examiner*—Nelson C. Holtje
(74) *Attorney, Agent, or Firm*—Natter & Natter

(57) **CLAIM**

An ornamental design for a watch case, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of a watch case showing my new design;
FIG. **2** is a right side elevational view thereof;
FIG. **3** is a top end elevational view thereof;
FIG. **4** is a front plan view thereof;
FIG. **5** is a left side elevational view thereof; and,
FIG. **6** is a back plan view thereof.
The bottom end elevational view is a mirror image of the top end elevational view illustrated in FIG. **3**. The broken line showing of FIGS. **1** and **4** of the watch case is for illustrative purposes only and forms no part of the claimed design.

**1 Claim, 3 Drawing Sheets**



EXHIBIT A



FIG.2



FIG.1



FIG. 3



FIG. 4



FIG.6



FIG.5

# EXHIBIT B



# EXHIBIT B

# EXHIBIT C



EXHIBIT C